No. 22-16770

In The
# United States Court of Appeals for the Ninth Circuit

NATURAL GROCERS, CITIZENS FOR GMO LABELING, LABEL GMOS, RURAL VERMONT, GOOD EARTH NATURAL FOODS, PUGET CONSUMERS CO-OP, NATIONAL ORGANIC COALITION, AND CENTER FOR FOOD SAFETY

*Plaintiffs-Appellants*,

v.

THOMAS VILSACK, Secretary of the United States Department of Agriculture; BRUCE SUMMERS, Administrator of the Agricultural Marketing Services; UNITED STATES DEPARTMENT OF AGRICULTURE,

*Defendants-Appellees*.

On Appeal from the United States District Court
for the Northern District of California
No. 3:20-cv-05151-JD (Hon. Judge James Donato)

**MOTION FOR LEAVE TO FILE AMICUS BRIEF IN SUPPORT OF DEFENDANTS-APPELLEES AND AFFIRMANCE OF THE DISTRICT COURT'S DECISION**

Trenton H. Norris
**HOGAN LOVELLS US LLP**
Four Embarcadero Center, Suite 3500
San Francisco, California 94111
Telephone: (415) 374-2300
Facsimile: (415) 374-2499
trent.norris@hoganlovells.com

*Counsel for Amicus Curiae*
The Consumer Brands Association

i

### MOTION FOR LEAVE TO FILE BRIEF AS *AMICUS CURIAE* IN SUPPORT OF DEFENDANTS-APPELLEES AND AFFIRMANCE OF THE DISTRICT COURT'S DECISION

Pursuant to Federal Rule of Appellate Procedure 29 and Ninth Circuit Rule 29(a)(3), The Consumer Brands Association ("CBA") respectfully moves for leave to file the accompanying *amicus curiae* brief in support of Defendants-Appellees Thomas Vilsack (Secretary of the United States Department of Agriculture), Bruce Summers (Administrator of the Agricultural Marketing Services), and the United States Department of Agriculture ("USDA").[1] Specifically, this brief supports Appellees' request that this Court affirm the district court's order remanding the digital disclosure option to the USDA without vacatur.

CBA is a national association whose members are involved in the manufacture, distribution, and retail sale of consumer-packaged goods. Indeed, CBA represents the interests of the world's leading consumer-packaged goods companies, as well as local and neighborhood businesses. CBA has extensive experience with the USDA, federal regulations, and the impacts of product labeling laws and regulations on food producers, distributors, and retailers. Therefore, the issues presented in this appeal are of great consequence to *amicus curiae* and its members. Based on this experience, this brief offers valuable insight into the disruptive consequences that will likely occur if vacatur is granted.

Specifically, this brief seeks to aid the Court's consideration of this appeal by highlighting the potential harm to both the consumer products industry and consumers should the Court immediately vacate the digital disclosure provision while the USDA considers modifications to the text message option in response to the district court's decision.

---

[1] Through counsel, Defendants-Appellees and Defendants-Intervenors consented to CBA filing this amicus brief. Counsel for Plaintiffs-Appellants, however, did not consent, but stated that they "take no position on this amicus brief filing," which necessitated this motion.

As to the industry, the brief provides a first-hand account of the consequences of vacatur, which risks instantly rendering millions of food packages non-compliant, and would also require immediate label changes at an enormous expense to business, both large and small. As to consumers, this brief supplies additional context for how any instant change to the regulatory landscape of product labeling would impact consumers by threatening access to safe, nutritious, and affordable foods. Further, the brief emphasizes how any new label requirements as a result of vacatur would have limited (if any) benefit because the requirements would likely only last until the USDA's forthcoming rule revisions require an *additional* labeling change (with *additional* associated expense). As such, vacatur would only serve to needlessly disrupt the manufacturing process, including by delaying the release of consumer products, without any lasting benefit to either party.

For the foregoing reasons, CBA respectfully requests this Court's permission to file its amicus brief.

Dated: March 15, 2024     **HOGAN LOVELLS US LLP**

By: */s/ Trenton H. Norris*
    Trenton H. Norris

*Attorney for Amicus Curiae*
THE CONSUMER BRANDS ASSOCIATION